UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES EDWARD DEWALT,

          Petitioner,          Case No. 1:20-cv-605

v.                                     Honorable Robert J. Jonker

SHERMAN CAMPBELL,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state remedies.

**Discussion**

I.      **Factual allegations**

Petitioner Charles Edward DeWalt is incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. Petitioner pleaded guilty in the Calhoun County Circuit Court to delivery of more than 50 grams, but less than 450 grams of a controlled substance, in violation of Mich. Comp. L. § 333.7401(2)(a)(iii). On January 12, 2018, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. L. § 769.12, to a prison term of 5 to 20 years.

Petitioner did not appeal his conviction or sentence. Instead, a few months after the court sentenced Petitioner, he moved for relief from judgment in the trial court. See (Pet'r's May 30, 2018 Mot. to Set Aside Judgment, ECF No. 1-2, PageID.26-34; Pet'r's Reply, ECF No. 1-2, PageID.35-38; Pet'r's Mot. for Judgment on Mot., ECF No. 1-2, PageID.39-42.) On March 14, 2019, about six months after Petitioner's last filing in the trial court, he filed a complaint for writ of superintending control in the Michigan Court of Appeals. (Pet'r's Compl., ECF No. 1-2, PageID.45-50.) Although Petitioner titled his submission a complaint for writ of superintending control, the relief he sought was a merits decision on the issues he raised in the trial court by way of his motions. (*Id.*, PageID.49.) By order issued July 26, 2019, the Michigan Court of Appeals denied the complaint. (Mich. Ct. App. Ord., ECF No. 1-2, PageID.51.)

Petitioner attempted to apply for leave to appeal the court of appeals' decision in the Michigan Supreme Court. (Pet'r's Appl. for Leave to Appeal, ECF No. 1-2, PageID.52-55.) By correspondence dated September 12, 2019, the Michigan Supreme Court informed Petitioner that it had rejected his submission because it was late. (Sept. 12, 2019, Mich. Ct. Corres., ECF No. 1-2, PageID.56.)

Petitioner then turned to this Court. On January 6, 2020, Petitioner filed a habeas petition. *Dewalt v. Campbell*, No. 1:20-cv-14 (W.D. Mich.). The Court ordered Petitioner to file an amended petition on the approved form. Petitioner failed to timely comply. His petition was dismissed without prejudice on April 15, 2020.

On July 1, 2020, Petitioner filed this habeas corpus petition—on the approved form—raising five grounds for relief, as follows:

I.  Denial of due process.

II.  Prosecutorial misconduct.

III.  Judicial misconduct.

IV.  Ineffective assistance of counsel.

V.  Collusion between prosecutor and defense counsel.

(Pet., ECF No. 1, PageID.4, 7.) The state courts have never ruled on the merits of these issues. The only information Petitioner has provided regarding his claims are the motions he filed in the trial court. Those motions disclose that all of Petitioner's issues arise from one source—he claims that his prosecution for the controlled drug-buy, years after its occurrence, was so tardy that it violated his constitutional rights.

**II.     Exhaustion**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

3

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. April 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. August 16, 1996).

Petitioner has, as a matter of substance, presented his issues to the trial court and the court of appeals; however, his presentation to the Michigan Supreme Court did not offer a fair substantive presentation of his constitutional claims. Moreover, as a matter of procedure, his presentation was only fair in the trial court. In the court of appeals, he presented the issues to the court using a device not intended for substantively resolving his constitutional claims. In the supreme court, he presented the issues too late to be considered at all. Accordingly, the Court concludes that Petitioner has failed to exhaust his state court remedies.

An applicant has not exhausted *available* state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may continue to pursue his motion for relief from judgment in the Calhoun County Circuit Court.

Petitioner's arguments suggest that he wants the Court to relieve him of the exhaustion requirement, presumably under § 2254(b)(1)(B)(ii). A petitioner's failure to exhaust may be excused if "there is an absence of State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Petitioner does not claim that there is an absence of state corrective process. Instead, his arguments suggest that circumstances, specifically the trial court's delay in resolving Petitioner's motion, reveal that the state's corrective process is ineffective. But, the trial court's failure to address does not excuse exhaustion quite yet.

Petitioner could seek an order for superintending control from the Michigan Court of Appeals under Michigan Court Rules 3.302(D)(1) or 7.203(C)(1), directing the trial court to adjudicate the motion. He attempted that device once, but the attempt was flawed in two respects: first, only a few months had passed since briefing was complete on the motion; and second, Petitioner sought merits relief instead of an order compelling the trial court to rule. Moreover, if the Michigan Court of Appeals failed to issue an order of superintending control under the present circumstances, Petitioner could *timely* seek an order of superintending control from the Michigan Supreme Court under Michigan Court Rule 7.301(A).

Accordingly, the Court concludes that Petitioner has at least one available state remedy. To properly exhaust his claim, Petitioner would have to continue to pursue his motion

5

for relief from judgment in the Calhoun County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations on habeas claims. *See* 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Moreover, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner was sentenced on January 12, 2018. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had six months until July 12, 2018, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction

became final when his time for seeking review in that court expired.  *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner's period of limitation, however, never commenced running because he filed the tolling motion for collateral relief before his time for filing an application for leave to appeal expired.  According to Petitioner, his post-judgment motion remains pending; therefore, his period of limitation remains tolled.

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[1]  The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul

---

[1] The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims.  The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

7

of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:   July 28, 2020 /s/ Robert J. Jonker
Robert J. Jonker
Chief United States District Judge